Jarred S. Freeman, Esq. (022362009)
Freeman & Patel LLC
3840 Park Avenue, Suite 202A
Edison, NJ 08820
Phone (732) 494-7900 / Fax (732) 494-7904
Attorneys for Plaintiff Jane Doe

## UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JANE DOE** (A PSEUDONYM), | : |
| Plaintiffs, | : |
| -vs- | : Case No: |
| **GARY HOSBACH, DEBORAH HOSBACH, PHILLIPSBURG ATHLETIC CLUB, JOSEPH FIRTH YOUTH CENTER, PHILLIPSBURG SCHOOL DISTRICT, TOWN OF PHILLIPSBURG, JOHN DOES 1-10, AND ABC CORPORATIONS 1-10.** Defendants. | : **COMPLAINT** |

Plaintiff, "JANE DOE" (a Pseudonym), by and through her attorneys, Jarred S. Freeman, Esq., complaining of the Defendants, hereby states and alleges, upon information and belief, as follows:

### NATURE OF THE ACTION

1. Plaintiff, "JANE DOE," brings this lawsuit against Defendants, Gary Hosbach, Deborah Hosbach, the Phillipsburg Athletic Club (PAC), Joseph Firth Youth Center (JFYC), Phillipsburg School District (School), Town of Phillipsburg (Town), John Does 1-10, and ABC Corporations 1-10 as a result of being raped and sexually abused as a child in or around 1982 when she was 13 years old.

2. Defendant Gary Hosbach raped and/or sexually abused Plaintiff when he was the program director and wrestling coach of the PAC in between 1981 and 1983.

3. Defendant Deborah Hosbach acted as the head cheerleading coach of the PAC and coached Plaintiff while she participated in the cheerleading program at PAC.

4. Both Defendants Gary Hosbach and Deborah Hosbach were in charge of running youth the recreational programs at the PAC in or around 1982.

5. PAC used the facilities at JFYC for their youth recreational activities and programs.

6. School and Town provided transportation to Plaintiff to and from PAC activities.

## PARTIES

7. Plaintiff resides in the Commonwealth of Pennsylvania.

8. At all material times, Defendant Phillipsburg Athletic Club (PAC) was and continues to be a non-profit organization or entity which includes, but is not limited to, civil corporations, decision making entities, officials, and representatives/agents/employees, authorized to conduct business and conducting business in the State of New Jersey.

9. Defendants Gary Hosbach and Deborah Hosbach are husband and wife and are citizens of the State of New Jersey.

10. Defendants Gary Hosbach and Deborah Hosbach ran youth recreational programs at PAC in or around 1982.

11. PAC is a youth athletic club that provides recreational programs to members of the community, including wrestling and cheerleading programs. They use various third party facilities to host youth events. In addition to Defendants Gary Hosbach and Deborah Hosbach, PAC employed other individuals to work at their youth programs.

12. Defendant Gary Hosbach was the head of the program and wrestling coach in or around 1982.

13. Defendant Deborah Hosbach was also involved in running the program and coached cheerleading in or around 1982.

14. Defendant PAC had various programs which sought out the participation of children in the PAC activities. PAC, through its officials, had control over those activities involving children.

15. Defendant PAC has the power to appoint, supervise, monitor and terminate each person working with children within the PAC.

16. Defendant Joseph Firth Youth Center (Defendant JFYC) was and continues to be a non-profit organization or entity which includes, but is not limited to, civil corporations, decision making entities, officials, and representatives/agents/employees, authorized to conduct business and conducting business in the State of New Jersey.

17. Defenant JFYC provides youth programs and facilities for other youth organizations to you.

18. Defendant JFYC provided space for PAC's youth programs.

19. Defendant JFYC has the power to appoint, supervise, monitor and terminate each person working with children inside their facilities.

20. Defendant Phillipsburg School District (Defendant School) is a school district located n Phillipsburg New Jersey.

21. Plaintiff attended school in the Phillipsburg School District.

22. Defendant School provided transportation to Plaintiff to and from PAC activities.

23. Defendant Town of Phillipsburg (Defendant Town) is a town located in New Jersey. Plaintiff resided in Defendant Town at the time of the incident.

24. Defendants Town and School were responsible for transporting Plaintiff to and from PAC activities.

25. Wherever reference is made to any Defendant entity, such reference includes that entity, its parent companies, subsidiaries, affiliates, predecessors, and successors. In addition, whenever reference is made to any act, deed, or transaction of any entity, the allegation means that the entity engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or representatives while they were actively engaged in the management, direction, control, or transaction of the entity's business or affairs.

## JURISDICTION, VENUE, AND NEW LAWS

26. Plaintiff brings this Complaint under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship and the amount in controversary exceeds $75,000.000.

27. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District, and Defendants are subject to personal jurisdiction in this District.

28. Recently, New Jersey passed into law Bills S477 and A3648, which became effective December 1, 2019. These new laws extend the statute of limitations in civil actions for sexual abuse claims, and created a two (2) year window for parties to bring previously time barred actions based on sexual abuse. Further, victims of childhood sexual abuse have until their 55th birthday to bring a civil lawsuit for the abuse. The new laws also expand the categories of potential defendants in civil actions and permits retroactive

application of standards of liability to past acts of abuse for which liability did not previously exist. The said new laws apply to the parties herein.

## FACTUAL BACKGROUND

29. Plaintiff participated in the cheerleading program at Defendant PAC during the 1981/1982 and 1982/1983 seasons. She participated for two years.

30. During this time she was a student at Defendant School.

31. In or around 1982 Defendant Gary Hosbach and Deborah Hosbach operated the youth wrestling and cheerleading programs at PAC.

32. In or around 1982 Defendant Gary Hosbach sexually abused Plaintiff when she was a minor.

33. Defendant PAC was responsible for selecting and appointing employees.

34. Defendant Gary Hosbach was vested with extraordinary power and authority, including power and authority over numerous children affiliated with PAC in various capacities, including Plaintiff.

35. At all material times, Defendant Gary Hosbach was employed by Defendant PAC and remained under the direct supervision, employ, and control of Defendant PAC.

36. At all material times, Defendants PAC placed Defendant Gary Hosbach in positions where he had access to, worked with, and traveled with children as an integral part of his work.

37. Plaintiff participated in Defendant PAC's cheerleading program between 1981 and 1982, where she came to know Defendant Gary Hosbach.

38. PAC activities, including the cheerleading program, were held at Defendant JFYC facilities.

39. Defendants School and Town provided Plaintiff transportation to and from PAC activities, including activities held at Defendant JFYC.

40. Defendant Gary Hosbach knew Plaintiff was struggling at home and had a turbulent home life.

41. Defendant Gary Hosbach began grooming Plaintiff so he could sexually abuse her.

42. Plaintiff would spend time talking on a party telephone line and Defendant Gary Hosbach joined the same line and used the opportunity to groom Plaintiff.

43. A party telephone line is a line shared by multiple telephone subscribers. The lines provided no privacy and could be used by multiple people at one time.

44. Defendant Gary Hosbach began using a party line to talk inappropriately to Plaintiff.

45. Plaintiff did know the identity of the people she was talking to on the party line. She did not know the identity of Defendant Gary Hosbach when she was talking to him on the party line.

46. Defendant Gary Hosbach knew the identity of Plaintiff when he talked to her on the party line.

47. Defendant Gary Hosbach told Plaintiff she knew him and he knew her, but he would not tell Plaintiff his name or who he was. He used his anonymity to get Plaintiff's personal phone number.

48. After gaining Plaintiff's trust he got her personal phone number.

49. Defendant Gary Hosbach also likely had access to Plaintiff's phone number through PAC.

50. Defendant Gary Hosbach then convinced Plaintiff to meet up with him. At this point Plaintiff still did not know who he was, only that they knew each other.

51. Defendant Gary Hosbach instructed Plaintiff to meet him several streets away from her house where he picked her up in his car.

52. This was the first time, Plaintiff learned that man she had been talking to was Defendant Gary Hosbach. She was shocked by his identity, but still got into his car because she knew him from Defendant PAC and the time she spent at Defendant JFYC's facilities.

53. Defendant Gary Hosbach drove Plaintiff to Wind Gap, Pennsylvania for dinner at The Galley restaurant. At the restaurant he bought her apricot sours and got her drunk. This was the first time Plaintiff drank alcohol.

54. During dinner and the car ride Defendant Gary Hosbach kept trying to touch Plaintiff.

55. The touching continued on the car ride back to New Jersey.

56. Instead of taking Plaintiff home, Defendant Gary Hosbach took Plaintiff to a secluded location on River Road in Phillipsburg, New Jersey. River Road is an isolated and dark road where he would not be seen.

57. Defendant Gary Hosbach raped plaintiff in his car. Plaintiff told Defendant Gary Hosbach to stop. It was Plaintiff's first sexual encounter.

58. Defendant Deborah Hosbach knew or should have known Defendant Gary Hosbach engaged in an inappropriate relationship with Plaintiff.

59. As a direct and proximate result of Defendant Gary Hosbach's sexual abuse, and the negligence of Defendants Plaintiff has suffered and continues to suffer from deep depression, severe emotional distress, the inability to maintain a relationship, alcohol abuse, and mental health struggles.

60. Defendants knew or should have known that Defendant Gary Hosbach was a danger to children before he sexually assaulted Plaintiff.

61. Prior to the sexual abuse of Plaintiff, Defendants learned or should have learned that Defendant Gary Hosbach was not fit to work or interact with children. Defendants became aware, or should have become aware of Defendant Gary Hosbach's propensity to commit sexual abuse and of the direct, substantial, and imminent risk to Plaintiff's safety.

62. Defendants knew or should have known that there was a risk of child sex abuse for children participating in Defendant PAC's programs and activities within PAC and children coming into contract with Defendant Gary Hosbach at Defendant JFYC's facilities. At the very least, Defendants knew or should have known that they did not have sufficient information about whether or not there was a risk of child sex abuse for children participating in PAC programs and activities.

63. Instead, Defendants negligently deemed that Defendant Gary Hosbach was fit to work with and/or host children at PAC events and/or that any previous problems were fixed or cured and/or that Defendant Gary Hosbach would not sexually assault children and/or that Defendant Gary Hosbach would not injure children.

64. Defendants owed Plaintiff a duty of reasonable care because they had superior knowledge about the risk that Defendant Gary Hosbach posed to Plaintiff, the risk of abuse in general in PAC's programs and/or the risk of abuse at Defendant JFYC's facilities.

65. Defendants owed a duty to Plaintiff to protect Plaintiff from harm because their actions created a foreseeable risk of harm to Plaintiff. As a vulnerable child participating in the programs and activities Defendant PAC offered to minors at Defendant JFYC's facilities.

66. Defendant JFYC owed a duty to Plaintiff to keep their facilities free from individuals prone to sexual abuse.

67. Defendants School and Town had a duty not to transport minors to unsafe locations.

68. Plaintiff was a foreseeable victim. As a vulnerable child to whom Defendant Gary Hosbach had access through Defendant PAC's programs, Plaintiff was a foreseeable victim.

69. Defendants PAC breached its duty to Plaintiff by actively maintaining and employing Defendant Gary Hosbach in a position of power and authority through which he had access to children, including Plaintiff, and power and control over children, including Plaintiff.

70. Defendants breached their duties to Plaintiff by failing to use ordinary care in determining whether their facilities and activities were safe and/or determining whether it had sufficient information to represent its facilities and programs as safe. Defendants' breach of their duties including, but not limited to: failure to protect Plaintiff from a known danger, failure to adequately investigate sex abuse and/or sexual misconduct complaints against Defendant Gary Hosbach; failure to adequately monitor Defendant Gary Hosbach's associations, involvement, and contact with minor children; failure to have sufficient policies and procedures to prevent child sex abuse; failure to properly implement policies and procedures to prevent child sex abuse; failure to take reasonable measures to make sure that policies and procedures to prevent child sex abuse were working; failure to adequately inform families and children of the risks of child sex abuse; failure to investigate risks of child sex abuse; failure to properly train the employees at institutions and programs; failure to have any outside agency test its safety procedures; failure to protect the children in its programs from child sex abuse; failure to adhere to the applicable standards of care for child safety; failure to investigate the amount and type of information necessary to represent Defendants, programs, facilities,

leaders and people as safe; failure to train employees properly to identify signs of child

sexual abuse by fellow employees.

71. Defendants breached their duty to Plaintiff by failing to warn Plaintiff and Plaintiff's

family of the risk that Defendant Gary Hosbach posed and the risks of child sexual abuse

at Defendant PAC activities and JFYC's facilities. Defendants also failed to warn

Plaintiff and her family about any of the knowledge that they had about child sexual

abuse, particularly sexual abuse committed by Defendant Gary Hosbach against minor

children.

72. Defendants additionally violated a legal duty by failing to report known and/or suspected

abuse of children by Defendant Gary Hosbach to the child protection agencies, police,

and law enforcement.

73. As a result of the conduct of Defendants described herein, including Defendants

negligence, and Defendant Gary Hosbach's unpermitted sexual contact with Plaintiff,

Plaintiff has suffered, and will continue to suffer, great pain of mind and body, severe and

permanent emotional distress, physical manifestations of emotional distress,

embarrassment, loss of self-esteem, humiliation, and physical, personal and

psychological injuries. Plaintiff was prevented, and will continue to be prevented, from

performing normal daily activities and obtaining the full enjoyment of life; and/or has

incurred and will continue to incur expenses for psychological treatment, therapy, and

counseling, and, on information and belief has and/or will incur loss of income and/or

loss of earning capacity.

## COUNT I

### VIOLATION OF THE NEW JERSEY CHILD SEX ABUSE ACT, N.J.S.A. 2A:61B-1, ET. SEQ. AS TO ALL DEFENDANTS

74. Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

75. During the time that Defendant Gary Hosbach was working for and serving Defendant PAC, he committed "sexual abuse" of Plaintiff as defined by the New Jersey Child Sex Abuse Act.

76. New Jersey Revised Statute section 2A:61B-1 (hereinafter referred to as "the New Jersey Child Sex Abuse Act") defines sexual abuse, in part, "as an act of sexual contact or sexual penetration between a child under the age of 18 years and an adult[.]" N.J.S.A. § 2A:61B-1(a). The acts defined in the New Jersey Child Sex Abuse Act clearly match the conduct demonstrated by Defendant Gary Hosbach against Plaintiff during the time when Plaintiff attended Defendant PAC activities at Defendant JFYC.

77. Each Defendant knowingly permitted and/or acquiesced in the sexual abuse of plaintiff by Defendant Gary Hosbach in violation of the New Jersey Child Sex Abuse Act.

78. Defendants' actions constitute malice, vindictiveness, wanton and reckless disregard, and indifference to Plaintiff's rights and safety.

79. At all relevant times herein, Defendant PAC employed Defendant Gary Hosbach as an employee, servant, and/or agent, and he acted within the scope of said employment/agency. Thus, Defendants are indirectly liable under the herein cause of action, and vicariously liable for the acts of Defendant Gary Hosbach under the doctrines of *respondeat superior* and *in loco parentis*.

80. The actions of the Defendants, and their respective agents, servants, and employees, were willful, wanton and/or grossly negligent, resulting in the sexual assault and/or other prohibited sexual act of Plaintiff as defined in N.J.S.A. 2A:61B-1.

81. As a direct and proximate result of the acts and omissions of each Defendant, Plaintiff suffered and will continue to suffer physically, emotionally, and otherwise.

## COUNT II

### SEXUAL BATTERY AGAINST DEFENDANT GARY HOSBACH

82. Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

83. In approximately 1982, Defendant Gary Hosbach inflicted unpermitted harmful and offensive bodily sexual conduct, upon the person of Plaintiff, a minor child, in New Jersey and other jurisdictions, while presiding as the program head at Defendant PAC.

84. Plaintiff did not consent to any of the harmful bodily contact. Plaintiff objected to Defendant Gary Hosbach's advances and told him to stop touching her.

85. Plaintiff was a minor child at all material times, and was thus incapable of legally consenting to any sexual conduct with Defendant Gary Hosbach, an adult man.

86. Defendant Gary Hosbach committed illegal "sexual abuse" against Plaintiff, as that term is defined in N.J.S.A. 2A:61B-1(a)(1).

87. Defendant Gary Hosbach engaged in illegal "sexual contact" against Plaintiff, as that term is defined in N.J.S.A. 2A:61B-1(a)(2).

88. Defendant Gary Hosbach committed illegal "sexual penetration" against Plaintiff, as that term is defined in N.J.S.A. 2A:61B-1(a)(3).

89. At all material times, Defendant Gary Hosbach's conduct towards Plaintiff was willful, wanton, intentional, and malicious, and constituted evil-minded acts accompanied by a wanton and willful disregard of Plaintiff's rights, interests, and welfare.

90. At all material times, Defendant Gary Hosbach's conduct towards Plaintiff was seriously harmful to the public—which has a compelling interest in ensuring that children in the community are protected from known sexual predators and other dangerous instrumentalities—as well as Plaintiff.

91. Defendant Gary Hosbach's conduct towards Plaintiff gives rise to punitive damages.

92. As a direct and proximate result of the foregoing, Plaintiff sustained physical, emotional and psychological injuries, along with severe emotional distress and mental and physical pain and suffering.

## COUNT III

### VICARIOUS LIABILITY (RESPONDEAT SUPERIOR) AGAINST DEFENDANTS PAC, JFYC, SCHOOL, TOWN, DEBORAH HOSBACH, FOR THE ACTS OF THEIR AGENT, DEFENDANT GARY HOSBACH

93. Plaintiff hereby repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as if each has been fully set forth at length herein.

94. In or around 1982, Defendant Gary Hosbach inflicted unpermitted harmful and offensive bodily sexual conduct upon Plaintiff, a minor child, in New Jersey and other jurisdictions, while he was the program director of Defendant PAC.

95. Defendant Gary Hosbach conducted PAC activities at Defendant JFYC.

96. Defendants School and Town provided Plaintiff with transportation to PAC activities.

97. Plaintiff did not consent to the harmful bodily contact.

98. Plaintiff was a minor child at all material times and was incapable of legally consenting to any sexual conduct with Defendant Gary Hosbach, an adult man.

99. At all times during which Plaintiff was abused, Defendants and other entities, failed to implement, develop, create, or enforce *any* plan, policy, law, or regulatory framework that could protect vulnerable children from directors, coaches, and employees, like Defendant Gary Hosbach, who had a known propensity to sexually abuse children and otherwise engage in sexual misconduct.

100. At all material times, Defendants' failure to implement, develop, create or enforce *any* effective laws, policies, or practices with respect to the sexual abuse of minor children by directors, coaches, and/or employees demonstrates Defendants' reckless, willful, and wanton disregard of the rights and interests of children, including Plaintiff, associated in any way with Defendants.

101. At all times while Defendant Gary Hosbach was the program director of Defendant PAC, PAC was his employer and master and he was its employee and servant.

102. Defendant JFYC provided facilities to Defendant PAC. At all times while Defendant Gary Hosbach was the program director of Defendant PAC, Defendant JFYC controlled the individuals and organizations using its facilities.

103. Defendants School and Town provided transportation to Plaintiff to and from Defendant PAC activities. At all times while Defendant Gary Hosbach was the program director at Defendant PAC, Defendants School and Town controlled where minors were transported and which youth organizations Defendants School and Town worked with.

104. At all material times, Defendant Deboarh Hosbach acted as a managerial agent, executive manager, or the equivalent of a chief executive officer, of Defendant PAC.

105. At all times while Defendant Gary Hosbach was the program director of Defendant PAC, he was employed by Defendant PAC to perform services in the affairs of PAC and was always subject to PAC's control and/or right to control with respect to all of his conduct in the performance of said services.

106. All acts of Defendant Gary Hosbach while he was the program director of Defenant PAC, including his numerous intentional torts (sexual battery) against Plaintiff, were committed while he was acting within the scope of his employment by Defendant PAC.

107. At all times while Defendant Gary Hosbach was program director of Defendant PAC, Defendant PAC was grossly negligent and reckless in appointing Defendant Gary Hosbach to the position of program director, retaining him in that position, failing to provide adequate supervision of him while he was in that position, and failing to take appropriate steps to suspend and/or terminate him from that position.

108. At all times while Defendant Gary Hosbach was program director of Defendant PAC, Defendants JFYC, School, and Town were grossly negligent and reckless in working with Defendant PAC and Defendant Gary Hosbach, in allowing Defendant Gary Hosbach to use their facilities, failing to provide adequate supervision of him while he was at their facilities, failing to take appropriate steps to suspend and/or terminate him from using their facilities, and continuing to transport and leave minors in the control of Defendant Gary Hosbach.

109. This gross negligence and recklessness by Defendants allowed Defendant Gary Hosbach to rape and sexually abuse Plaintiff.

110. At all times while he was program director, Defendant Gary Hosbach was aided in accomplishing his intentional torts (sexual battery) against Plaintiff by the existence of

the agency relationship between Defendant Gary Hosbach (as agent) and Defendants
PAC, JFYC, School, and Town (as principal).

111. Defendants' failure to implement any rudimentary and working reporting requirements
against Defendant Gary Hosbach, who was engaging in the sexual abuse of children and
other sexual misconduct, allowed him to commit of acts of sexual abuse against Plaintiff.

112. Defendants' failure to provide any real or meaningful oversight or supervision of
Defendant Gary Hosbach, who was engaging in the sexual abuse of children and other
sexual misconduct, allowed him to commit acts of sexual abuse against Plaintiff.

113. Defendants should each be held vicariously liable for the intentional acts of their agent,
Defendant Gary Hosbach, committed against Plaintiff (sexual battery).

114. At all material times, Defendant Gary Hosbach's conduct towards Plaintiff was willful,
wanton, intentional, and malicious, and constituted evil-minded acts accompanied by a
wanton and willful disregard of Plaintiff's rights, interests, and welfare.

115. At all material times, Defendant Gary Hosbach's conduct towards Plaintiff was
seriously harmful to the public—which has a compelling interest in ensuring that children
in the community are protected from known sexual predators and other dangerous
instrumentalities—as well as Plaintiff.

116. New Jersey law has adopted Section 909 of the *Restatement (Second) of Torts* (1978)
for vicariously assessing punitive damages against a principal for the acts of its agent.

117. At all times while he was program director of Defendant PAC, Defendant Gary Hosbach
was a "managerial agent" of Defendant PAC, as he was vested with executive,
legislative, and judicial authority within PAC. As such, Defendant Gary Hosbach was so

high in the PAC's organization that his employment and conduct should at all times be considered executive in character.

118. At all times while she was a cheerleading coach of Defendant PAC, and wife of Gary Hosbach, Defendant Deborah Hosbach was a "managerial agent" of Defendant PAC, as she was vested with executive, legislative, and judicial authority within PAC. As such, Defendant Deborah Hosbach was so high in the PAC's organization that her employment and conduct should at all times be considered executive in character.

119. At all times while he was program director of Defendant PAC, Defendant Gary Hosbach, as a managerial agent of PAC, authorized the doing and the manner of numerous sexual abuse acts committed against Plaintiff.

120. At all times while he was program director of Defendant PAC, Defendant Gary Hosbach was unfit for the position of program director of PAC, and Defendant PAC was reckless in employing and retaining him in that position.

121. At all times while he was program director of Defendant PAC,  Defendant Gary Hosbach was acting in a managerial capacity for PAC and was acting in the scope of his employment.

122. At all material times, Defendants failed to repudiate, punish, remedy, or mitigate Defendant Gary Hosbach's sexual assaults of Plaintiff.

123. At all material times, Defendants failed to take appropriate action, pursuant to federal, state, or local law, or other laws, rules, or codes of conduct, in connection with and/or in response to Defendant Gary Hosbach's sexual assaults of Plaintiff.

124. Pursuant to the standards as set forth in Section 909 of the *Restatement (Second) of Torts* (1978), Defendants should be compelled to pay Plaintiff appropriate punitive damages.

125. As a direct and proximate result of the foregoing, Plaintiff sustained physical, emotional and psychological injuries, along with severe emotional distress and mental and physical pain and suffering.

**COUNT IV**

**NEGLIGENCE/GROSS NEGLIGENCE
AGAINST ALL DEFENDANTS**

126. Plaintiff hereby repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as if each has been fully set forth at length herein.

127. Defendants owed Plaintiff a duty of reasonable care to protect Plaintiff from injury.

128. Defendants owed Plaintiff a duty of care because they had a special relationship with Plaintiff.

129. Defendants also had a duty arising from the special relationship that existed with Plaintiff, Plaintiff's parents, and other parents of young, innocent, vulnerable children, to properly train and supervise its employees. This special relationship arose because of the high degree of vulnerability of the children entrusted to its care.

130. Defendant JFYC had a duty arising from the special relationship that existed with Plaintiff, Plaintiff's parents, and other parents of young, innocent, vulnerable children, to properly supervise and review companies, individuals and programs using their facilities. This special relationship arose because of the high degree of vulnerability of the children entrusted to its care.

131. Defendant School and Town had a duty arising from the special relationship that existed with Plaintiff, Plaintiff's parents, and other parents of young, innocent, vulnerable children, to properly supervise and review organizations, individuals and programs they partner with prior to leaving minors in the care of these organizations and individuals. This special relationship arose because of the high degree of vulnerability of the children entrusted to its care.

132. As a result of this high degree of vulnerability and risk of sexual abuse inherent in such a special relationship, Defendants had a duty to establish measures of protection for children.

133. Defendants owed Plaintiff a duty of reasonable care because they solicited youth and parents for participation in PAC youth programs; encouraged youth and parents to have the youth participate in PAC programs and visit PAC facilities; undertook the care and custody of minor children, including Plaintiff; promoted PAC facilities and programs as being safe for children; held its agents, including Defendant Gary Hosbach, out as safe to work and spend time with children; encouraged parents and children to spend time with PAC agents; and/or encouraged PAC agents, including Defendant Gary Hosbach, to spend time with, interact with, recruit, educate, and indoctrinate children.

134. By holding Defendant Gary Hosbach out as safe to work with children, and by undertaking the custody, supervision of, and/or care of the minor Plaintiff, Defendants entered into a fiduciary relationship with the minor Plaintiff.

135. As a result of Plaintiff being a minor, and by Defendants undertaking the care and guidance of the then vulnerable minor Plaintiff, Defendants held a position of empowerment over Plaintiff.

136. Further, Defendants, by holding themselves out as being able to provide a safe environment for children, solicited and/or accepted this position of empowerment. Defendants thus entered into a fiduciary relationship with Plaintiff. Defendants exploited its position of empowerment, putting Plaintiff at risk to be sexually assaulted.

137. By accepting custody and/or supervision of the minor Plaintiff, Defendants established an *in loco parentis* relationship with Plaintiff and in so doing, owed Plaintiff a duty to protect Plaintiff from injury.

138. As a result of Plaintiff being a minor, and by Defendants undertaking the care and guidance of the Plaintiff, Defendants held a position of empowerment over Plaintiff.

139. Further, Defendants, by holding themselves out as being able to provide a safe environment for children, solicited and/or accepted this position of empowerment. Defendants exploited this power over Plaintiff and thereby put the minor Plaintiff at risk for sexual abuse.

140. By establishing and/or operating Defendant PAC, accepting the minor Plaintiff as a participant in its programs and/or guest of its facilities, properties, or premises, holding its facilities, properties, premises, and programs out to be a safe environment for Plaintiff, accepting custody of the minor Plaintiff *in loco parentis,* and by establishing a fiduciary relationship with Plaintiff, Defendants entered into an express and/or implied duty to properly supervise Plaintiff and provide a reasonably safe environment for children who participated in their programs and/or associated with and spent time with, Defendant Gary Hosbach.

141. Defendants owed Plaintiff a duty to properly supervise Plaintiff to prevent harm from foreseeable dangers. Defendants had the duty to exercise the same degree of care over

minors under its control as a reasonably prudent person would have exercised under similar circumstances.

142. Defendants owed Plaintiff a duty to protect Plaintiff from harm because Defendants invited Plaintiff onto its properties and Defendant Gary Hosbach posed a dangerous condition at Defendant PAC's programs.

143. Defendant Deborah Hosbach breached her duty by failing to warn Plaintiff of her husband's propensity toward sexual abuse.

144. Defendants breached their duties to Plaintiff by failing to use reasonable care. Defendants' failures include, but are not limited to, failing to properly supervise Defendant Gary Hosbach, failing to properly supervise Plaintiff, and failing to protect Plaintiff from a known danger.

145. Defendants' conduct towards Plaintiff constitutes gross negligence.

146. At all material times, Defendants' acts and failures to act created an unreasonable risk of harm to minor children, like Plaintiff, because the Defendants failed to exercise even slight care or diligence towards Plaintiff and other similarly situated children—and constituted gross indifference to the rights of Plaintiff and other similarly situated children, utter disregard of prudence, and a complete neglect of the safety of Plaintiff and other similarly situated children.

147. At all material times, Defendants' conduct towards Plaintiff was willful, wanton, intentional, and malicious, and constituted evil-minded acts accompanied by a wanton and willful disregard of Plaintiff's rights, interests, and welfare.

148. At all material times, Defendants' conduct towards Plaintiff was seriously harmful to the public—which has a compelling interest in ensuring that children in the community

are protected from known sexual predators and other dangerous instrumentalities—as well as Plaintiff.

149. Once Defendant Gary Hosbach's acts came to the attention of the Defendant Deborah Hosbach, as wife to Gary Hosbach, she breached her duty as Plaintiff's coach to protect her form known sexual predators.

150. Defendants' conduct towards Plaintiff gives rise to punitive damages.

151. In addition to the above, Plaintiff is also entitled to punitive damages against Defendants because once Defendant Gary Hosbach's acts came to the attention of the principal (PAC) or a managerial agent of the principal (Defendants Deborah Hosbach and Gary Hosbach himself), they were ratified and approved. *See Restatement (Second) of Agency*, § 219(2); *Restatement (Second) of Torts* § 909.

152. As a direct result of the foregoing, Plaintiff sustained physical, emotional and psychological injuries, along with pain and suffering.

## COUNT V

### NEGLIGENT SUPERVISION AND TRAINING AGAINST DEFENDANTS PAC, JFYC, SCHOOL, TOWN, DEBORAH HOSBACH.

153. Plaintiff hereby repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as if each has been fully set forth at length herein.

154. At all times material, Defendant Gary Hosbach was employed by Defendant PAC and was under PAC's direct supervision, employ and control when he committed the wrongful acts alleged herein.

155. At all times material, Defendant Gary Hosbach to was under the control of Defendant JFYC when he committed the wrongful acts alleged herein.

156. Defendant Gary Hosbach engaged in the wrongful conduct while acting in the course and scope of his employment with Defendant PAC and/or accomplished the sexual abuse by virtue of his job-created authority.

157. Defendant PAC had a duty, arising from its employment of Defendant Gary Hosbach, to ensure that he did not sexually molest children.

158. Defendants School and Town had a duty to ensure Plaintiff was not left in a situation where she could be sexually abused.

159. Further, Defendants owed a duty to train and educate employees and administrators and establish adequate and effective policies and procedures calculated to detect, prevent, and address inappropriate behavior and conduct between employees and children.

160. Defendants were negligent in the training, supervision, and instruction of its employees. Defendants failed to timely and properly educate, train, supervise, and/or monitor agents or employees with regard to policies and procedures that should be followed when sexual abuse of a child is suspected or observed.

161. Defendants were additionally negligent in failing to supervise, monitor, chaperone, and/or investigate Defendant Gary Hosbach and/or in failing to create, institute, and/or enforce rules, policies, procedures, and/or regulations to prevent Defendant Gary Hosbach's sexual abuse of Plaintiff.

162. In failing to properly supervise Defendant Gary Hosbach, and in failing to establish such training procedures for employees and administrators, Defendants failed to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances. Defendants conduct towards Plaintiff, in connection with its negligent supervision and training, constitutes gross negligence.

163. At all material times, Defendants' acts and failures to act created an unreasonable risk of harm to minor children, like Plaintiff, because the Defendants failed to exercise even slight care or diligence towards Plaintiff and other similarly situated children—and constituted gross indifference to the rights of Plaintiff and other similarly situated children, utter disregard of prudence, and a complete neglect of the safety of Plaintiff and other similarly situated children.

164. At all material times, Defendants' conduct towards Plaintiff was willful, wanton, intentional, and malicious, and constituted evil-minded acts accompanied by a wanton and willful disregard of Plaintiff's rights, interests, and welfare.

165. At all material times, Defendants' conduct towards Plaintiff was seriously harmful to the public—which has a compelling interest in ensuring that children in the community are protected from known sexual predators and other dangerous instrumentalities—as well as Plaintiff.

166. Defendants' conduct towards Plaintiff gives rise to punitive damages.

167. In addition to the above, Plaintiff is also entitled to punitive damages against Defendants because once Defendant Gary Hosbach's acts came to the attention of the principal (PAC) or a managerial agent of the principal (Defendants Deborah Hosbach and Gary Hosbach himself), they were ratified and approved. *See Restatement (Second) of Agency*, § 219(2); *Restatement (Second) of Torts* § 909.

168. As a direct and proximate result of the foregoing, Plaintiff sustained physical, emotional and psychological injuries, along with pain and suffering.

## COUNT VI

### NEGLIGENT RETENTION AGAINST DEFENDANTS PAC, JFYC, SCHOOL, TOWN, DEBORAH HOSBACH.

169. Plaintiff hereby repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as if each has been fully set forth at length herein.

170. At all times material, Defendant Gary Hosbach was employed by Defendant PAC and was under PAC's direct supervision, employ, and control when he committed the wrongful acts alleged herein.

171. At all times material, Defendant Gary Hosbach was under the control of Defendant JFYC when he committed the wrongful acts alleged herein.

172. Defendants became aware or should have become aware of Defendant Gary Hosbach's propensity for sexual abuse, and failed to take any further action to remedy the problem and failed to investigate or remove Defendant Gary Hosbach from working with children.

173. At all material times, Defendant Gary Hosbach himself, as both the program director and managerial agent of PAC, and Defendant Deborah Hosbach as a managerial agent/employee of PAC and wife of Defendant Gary Hosbach, had actual knowledge or should have had actual knowledge, that he had sexually abused Plaintiff and thus was grossly unfit for the position of program director of Defendant PAC.

174. At all material times, Defendants JFYC, School, and Town had actual knowledge or should have had actual knowledge, that Defendant Gary Hosbach had sexually abused Plaintiff and thus was grossly unfit to be given the custody and control over minor children.

175. Defendants negligently retained Defendant Gary Hosbach with knowledge of his propensity for the type of behavior which resulted in Plaintiff's injuries in this action.

176. Defendants negligently retained Defendant Gary Hosbach in a position where he had access to children (such as Plaintiff) and could foreseeably cause harm which Plaintiff would not have been subjected to had Defendants taken reasonable care to protect children like Plaintiff from known sexual predators.

177. In failing to timely remove Defendant Gary Hosbach from working with children or terminate the employment of Defendant Gary Hosbach, Defendants failed to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances.

178. Defendants' conduct towards Plaintiff, in connection with its negligent retention of Defendant Gary Hosbach, constitutes gross negligence.

179. At all material times, Defendants' acts and failures to act created an unreasonable risk of harm to minor children, like Plaintiff, because the Defendants failed to exercise even slight care or diligence towards Plaintiff and other similarly situated children—and constituted gross indifference to the rights of Plaintiff and other similarly situated children, utter disregard of prudence, and a complete neglect of the safety of Plaintiff and other similarly situated children.

180. At all material times, Defendants' conduct towards Plaintiff was willful, wanton, intentional, and malicious, and constituted evil-minded acts accompanied by a wanton and willful disregard of Plaintiff's rights, interests, and welfare.

181. At all material times, Defendants' conduct towards Plaintiff was seriously harmful to the public—which has a compelling interest in ensuring that children in the community are protected from known sexual predators and other dangerous instrumentalities—as well as Plaintiff. Defendants' conduct towards Plaintiff gives rise to punitive damages.

182. In addition to the above, Plaintiff is entitled to punitive damages against Defendants because once Defendant Gary Hosbach's acts came to the attention of the principal (the PLC) or a managerial agent of the principal (Defendant Deborah Hosbach and Defendant Gary Hosbach himself), they were ratified and approved. *See Restatement (Second) of Agency*, § 219(2); *Restatement (Second) of Torts* § 909.

183. As a direct and proximate result of the foregoing, Plaintiff sustained physical, emotional and psychological injuries, along with pain and suffering.

## COUNT VII

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO ALL DEFENDANTS

184. Plaintiff hereby repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as if each has been fully set forth at length herein.

185. Defendants, and defendants' agents, servants, and/or employees, knew or reasonably should have known that the failure to properly hire, supervise, and advise Defendant Gary Hosbach, a program director who sexually abused and assaulted Plaintiff, would and did proximately result in physical and emotional distress to Plaintiff.

186. Defendants, having created an environment where children attend recreational activities, clearly recognized the physical, mental, and emotional injury that could result from sexual abuse at the hands of a trusted figure, such as Defendant Gary Hosbach.

187. Defendants knew that Gary Hosbach had direct access to Plaintiff and other children through Defendant PAC's programs at Defendant JFYC's facilities, and as such, Defendants had the power, ability, authority, and duty to intervene with and/or stop the improper conduct that resulted in Defendant Gary Hosbach sexually abusing Plaintiff,

thereby causing Plaintiff to fear for her physical safety and placing her physical well-being and safety in imminent danger.

188. Defendants School and Town facilitated Defendant Gary Hosbach's direct access to Plaintiff by transporting her to locations and programs where Defendant Gary Hosbach was present.

189. Despite said knowledge, power, and duty, Defendants negligently failed to act to stop, prevent, and prohibit Defendant Gary Hosbach from sexually abusing Plaintiff.

190. Defendants' negligent, intentional, and wanton acts and omissions directly and proximately resulted in Plaintiff's past and continued physical, emotional, and mental suffering.

### COUNT VIII
### JOHN DOES 1-10

191. Plaintiff hereby repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as if each has been fully set forth at length herein.

192. Defendants John Does 1-10 and ABC Corporations 1-10 are fictitious names intended to represent additional persons or legal entities that may have existed at the time Defendant Gary Hosbach sexually abused Plaintiff, and as such, caused the same damages referred to in the above paragraphs, specifically through negligent, intentional, and outrageous acts, and/or through the vicarious liability for the wrongful conduct of the herein named defendants. Plaintiff cannot identify said John Doe and ABC Corporation defendants at this time but may be able to identify said defendants during discovery.

193. As a direct and proximate cause of the acts and omissions of each defendant, including defendants John Does 1-10 and ABC Corporation 1-10 Plaintiff suffered and will continue to suffer physically, emotionally, and otherwise.

## PRAYER FOR RELIEF

WHEREFORE, based on the aforesaid, Plaintiff hereby demands judgment against Defendants, jointly and/or severally, for compensatory damages, and for punitive damages, together with interest and costs in an unspecified amount, plus costs, disbursements, reasonable attorneys' fees, interest, and any such other, different, or further legal, equitable, injunctive, or declaratory relief as the Court deems just, proper, or necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all of the triable issues of this Complaint, pursuant to all applicable Federal Rules of Civil Procedure and/or other laws and rules.

Dated: April 8, 2024

_/s/ Jarred S. Freeman_____

Jarred S. Freeman, Esq.
Attorney ID No.: 022362009
Freeman & Patel LLC
3840 Park Avenue, Suite 202A
Edison, NJ 08820
Phone (732) 494-7900/ Fax (732) 494-7904
Attorneys for Plaintiff Jane Doe