<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>GARY HOSBACH, *et al.*,<br><br>    Defendants. | Civil Action No. 24-4756 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**<u>SHIPP, District Judge</u>**

  This matter comes before the Court upon Defendant Phillipsburg School District's (the "District") and the Town of Phillipsburg, New Jersey's (the "Township") Motion to Dismiss (ECF No. 23), and Defendant Deborah Hosbach's Motion to Dismiss (ECF No. 25) Plaintiff Jane Doe's ("Plaintiff") Complaint (ECF No. 1). Plaintiff opposed. (ECF Nos. 30, 41.) The District and the Township replied (ECF No. 35), and Deborah Hosbach replied (ECF No. 44). After careful consideration of the parties' submissions, the Court decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons outlined below, Plaintiff's Complaint is dismissed without prejudice.

**I.  <u>BACKGROUND</u>[1]**

  Plaintiff was a minor child who was a student in the District in or around 1982. (Compl. ¶¶ 1, 30, ECF No. 1.) At the same time, Plaintiff participated in the Phillipsburg Athletic Club's

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

(the "PAC") cheerleading program, which was held at Joseph Firth Youth Center's (the "JFYC") facilities. (*Id.* ¶¶ 37, 38.) The District and the Township provided Plaintiff transportation to and from PAC activities, including those held at the JFYC. (*Id.* ¶ 39.) Through her participation in this cheerleading program, Plaintiff came to know Gary Hosbach and Deborah Hosbach, who operated the youth wrestling and cheerleading programs, respectively, at PAC. (*Id.* ¶¶ 31, 37.)

Gary Hosbach began grooming Plaintiff by spending time speaking with her on a party telephone line, which is a telephone line that can be used by multiple people at once. (*Id.* ¶¶ 41-42.) Plaintiff did not know Gary Hosbach's identity when she spoke to him on the party telephone line, and Gary Hosbach used this anonymity to obtain Plaintiff's personal phone number. (*Id.* ¶¶ 45, 47.) Once Gary Hosbach had Plaintiff's phone number, he convinced Plaintiff to meet up with him, all while keeping his own identity secret but telling Plaintiff they "knew each other." (*Id.* ¶ 50.) Plaintiff only learned Gary Hosbach's identity when they met up. (*Id.* ¶ 52.) They went to a restaurant where Gary Hosbach bought Plaintiff alcohol and got her drunk. (*Id.* ¶ 53.) Throughout dinner, Gary Hosbach "kept trying to touch Plaintiff." (*Id.* ¶¶ 54-55.) After the restaurant, Gary Hosbach brought Plaintiff to a secluded location and raped Plaintiff in his car. (*Id.* ¶¶ 56-57.)

Plaintiff filed the instant Complaint, asserting federal diversity jurisdiction, on April 10, 2024, against Gary Hosbach, Deborah Hosbach, the PAC, the JFYC, the District, the Township, John Does 1-10, and ABC Corporation 1-10 (collectively "Defendants"). (*See generally id.*) On the above allegations, Plaintiff brings eight causes of action: (1) violation of the New Jersey Child Sex Abuse Act, N.J. Stat. Ann. § 2A:61B-1; (2) sexual battery; (3) vicarious liability; (4) negligence/gross negligence; (5) negligent supervision and training; (6) negligent retention; (7) intentional and negligent infliction of emotional distress; and (8) a count preserving claims against John Does 1-10 and Corporations 1-10. (*See generally id.*)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, meaning that for a federal court to hear a case, it must have jurisdiction over the issue, such as diversity or federal question jurisdiction. *See In re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983). To satisfy the jurisdictional requirements of the federal diversity statute, 28 U.S.C. § 1332(a)(1), no plaintiff can be a citizen of the same state as any of the defendants, and the amount in controversy must exceed $75,000. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990); *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). "The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "Where a district court lacks subject-matter jurisdiction, its disposition of such a case will be without prejudice." *Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 580-81 (3d Cir. 2007) (citing *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997)).

## III. DISCUSSION

"[F]ederal courts [must] be vigilant in questioning their subject-matter jurisdiction." *Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 349 (D.N.J. 2010). The "lack of subject matter jurisdiction may be raised by the Court *sua sponte* at any time." *Perry v. Gonzales*, 472 F. Supp. 2d 623, 626 (D.N.J. 2007) (citing cases). Indeed, "[the court is] required to consider the issue of subject matter jurisdiction, even though neither party contends that it is lacking." *Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005) (citing *Soltane v. U.S. Dep't of Justice*, 381 F.3d 143 (2004)).

Here, Plaintiff has failed to allege facts sufficient to plead federal diversity subject-matter jurisdiction.[2] Plaintiff avers that the PAC and the JFYC, respectively, are each a "non-profit organization or entity which includes, but is not limited to, civil corporations, decision making entities, officials, and representatives/agents/employees, authorized to conduct business and conducting business in the State of New Jersey." (Compl. ¶¶ 8, 16.) From these allegations, it is unclear to the Court what types of organizations the PAC and JFYC are for the purposes of pleading diversity jurisdiction.[3] For example, a non-profit organization can be structured as a corporation or some other business entity. The fact that an organization conducts business in a particular state is not sufficient to allege that the organization is a citizen of that state.[4] *See Rastall v. Garcia*, No. 09-5150, 2009 WL 3271743, at *1 (D.N.J. Oct. 9, 2009) (noting that "listing state where defendants are licensed and conduct business" is not the same as alleging citizenship).

To plead her own citizenship, Plaintiff avers that she "resides in the Commonwealth of Pennsylvania." (Compl. ¶ 7.) To adequately allege diversity of citizenship, however, "the complaint must plead Plaintiff's domicile or the state of citizenship, as opposed to where Plaintiff

---

[2] Plaintiff does not bring any federal claims that might give this Court subject-matter jurisdiction under 28 U.S.C. § 1331. (*See generally* Compl.)

[3] JFYC acknowledges it is a "non-profit organization" (ECF No. 34, ¶16), but it provides no specifics.

[4] If either the PAC or the JFYC is a corporation, Plaintiff must include "allegations of both the place of incorporation and the principal place of business of the corporate parties." *Moore v. Sylvania Elec. Prods., Inc.*, 454 F.2d 81, 84 n.1 (3d Cir. 1972) (citing *Guerrino v. Ohio Cas. Ins.*, 423 F.2d 419 (3d Cir. 1970)). If either is not a corporation, "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members," and a limited liability company ("LLC") is "treated as a partnership for purposes of establishing citizenship." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

resides."[5] *Branch Banking & Tr. Co. v. MacAuley*, No. 19-16390, 2019 WL 13217379, at *1 (D.N.J. Aug. 22, 2019) (citing *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006)); *Lefkowitz v. Mtrac Tech Corp.*, No. 19-19132, 2019 WL 13399535, at *1 (D.N.J. Oct. 23, 2019) (same). "[M]ere residency in a state is insufficient for purposes of diversity." *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) (citing *Sun Printing and Publishing Ass'n v. Edwards*, 194 U.S. 377, 382 (1904)). Plaintiff's allegations, therefore, are insufficient to plead diversity subject-matter jurisdiction, and the Court will dismiss Plaintiff's Complaint without prejudice.[6]

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed without prejudice. The District's and the Township's Motion to Dismiss (ECF No. 23) and Deborah Hosbach's Motion to

---

[5] The Court recognizes that Plaintiff filed a Diversity Disclosure Statement listing her state of citizenship as Pennsylvania (ECF No. 4), but where the "facts [establishing complete diversity] do not appear on the face of the complaint, it is defective from a jurisdictional standpoint." *Holman v. Carpenter Tech. Corp.*, 484 F. Supp. 406, 408 (E.D. Pa. 1980). It is also not lost on the Court that no Defendants filed a Diversity Disclosure Statement. If Plaintiff files an amended complaint, all Defendants must file such a statement on the docket. Fed. R. Civ. P. 7.1(a)(2) (requiring parties to file a disclosure statement that "name[s]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party").

[6] There are no issues related to citizenship for the District or the Township, and Plaintiff did adequately plead citizenship as to the two individual defendants, Gary Hosbach and Deborah Hosbach. (*See* Compl. ¶¶ 9, 20, 23.) The Court also acknowledges that Plaintiff included John Does 1-10 and ABC Corporations 1-10 in the Complaint in case she is "able to identify said defendants during discovery," (Compl. ¶ 192), and such nominal parties are "irrelevant to diversity jurisdiction." *Pooler v. Mrs. Kurbitis Realty, LLC*, No. 14-429, 2015 WL 5897455, at *2 (D.N.J. Oct. 7, 2015).

Dismiss (ECF No. 25) are denied as moot.[7] Plaintiff will have thirty days to file an amended complaint. The Court will issue an Order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[7] Because the Court has dismissed the operative pleading, the Court denies the District's Motion to Dismiss JFYC's Crossclaim (ECF No. 42) as moot. Should Plaintiff file an amended complaint and JFYC answer and file a crossclaim against the District, the District may file a renewed motion to dismiss counterclaim.