**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JANE DOE, | |
| Plaintiff, | Civil Action No. 24-4756 (MAS) (TJB) |
| v. | **MEMORANDUM OPINION** |
| GARY HOSBACH, *et al.*, | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Deborah Hosbach's ("Defendant")
Motion to Dismiss (ECF No. 53) Plaintiff Jane Doe's ("Plaintiff") Amended Complaint (ECF
No. 50). Plaintiff opposed (ECF No. 59), and Defendant replied (ECF No. 62). After careful
consideration of the parties' submissions, the Court decides the matter without oral argument
pursuant to Local Civil Rule 78.1(b). For the reasons outlined below, Defendant's Motion to
Dismiss is granted.

## I.    BACKGROUND[1]

Plaintiff was a thirteen-year-old student in the Phillipsburg School District (the "District")
in or around 1982. (Am. Compl. ¶¶ 1, 32, ECF No. 50.) She participated in the Phillipsburg
Athletic Club's ("PAC") cheerleading program, which was held at Joseph Firth Youth Center's (the
"JFYC") facilities. (*Id.* ¶¶ 39, 40.) Through her participation in this cheerleading program at PAC,
Plaintiff came to know Gary Hosbach and Deborah Hosbach, who operated the youth wrestling

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the
Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

and cheerleading programs, respectively. (*Id.* ¶¶ 33, 39.) During this time, Plaintiff alleges that Defendant also "acted as a managerial agent, executive manager, or the equivalent of a chief executive officer of [PAC]." (*Id.* ¶ 99.) Defendant was purportedly "vested with executive, legislative, and judicial authority within PAC" and "was so high in [] PAC's organization that her employment and conduct [was] at all times [] considered executive in character." (*Id.* ¶ 113.)

Gary Hosbach began grooming Plaintiff by spending time speaking with her on a party telephone line, which is a telephone line that can be used by multiple people at once. (*Id.* ¶¶ 43-44.) Plaintiff did not know Gary Hosbach's identity when she spoke to him on the party telephone line, and Gary Hosbach used this anonymity to obtain Plaintiff's personal phone number. (*Id.* ¶¶ 47, 49.) Once Gary Hosbach had Plaintiff's phone number, he convinced Plaintiff to meet up with him, all while keeping his own identity secret but telling Plaintiff that they "knew each other." (*Id.* ¶ 52.) Plaintiff only learned Gary Hosbach's identity when they met up and went to a restaurant where Gary Hosbach bought Plaintiff alcohol and got her drunk. (*Id.* ¶¶ 54-55.) Throughout dinner and during the car ride back, Gary Hosbach "kept trying to touch Plaintiff." (*Id.* ¶¶ 56-57.) Rather than drive Plaintiff home, Gary Hosbach took Plaintiff to a secluded location and raped Plaintiff in his car. (*Id.* ¶¶ 58-59.) Plaintiff alleges that Defendant "knew or should have known Defendant Gary Hosbach engaged in an inappropriate relationship with Plaintiff." (*Id.* ¶ 60.)

On April 10, 2024, Plaintiff filed the original complaint against Defendant, Gary Hosbach, PAC, the JFYC, the District, the Town of Phillipsburg, New Jersey (the "Township"), John Does 1-10, and ABC Corporations 1-10. (ECF No. 1.) The District, the Township, and Defendant moved to dismiss the complaint (ECF Nos. 23, 25), which this Court granted on December 17, 2024 (the "December 2024 Opinion") because Plaintiff "failed to allege facts sufficient to plead federal diversity subject-matter jurisdiction" (ECF No. 48). One week later, on January 24, 2025, Plaintiff

filed the Amended Complaint. (Am. Compl.)[2] Plaintiff brings seven causes of action: (1) sexual battery ("Count One"); (2) vicarious liability ("Count Two"); (3) negligence/gross negligence ("Count Three");[3] (4) negligent supervision and training ("Count Four"); (5) negligent retention ("Count Five"); (6) intentional and negligent infliction of emotional distress (Count Six"); and (7) a count preserving claims against John Does 1-10 and Corporations 1-10. (*See generally id.*) Plaintiff only brings Counts Two through Six against Defendant. On January 9, 2025, Defendant moved to dismiss the Amended Complaint as against her. (Def.'s Moving Br., ECF No. 53-3.) Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 59), and Defendant replied (Def.'s Reply Br., ECF No. 62).

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure[4] 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v.*

---

[2] The Court is satisfied that Plaintiff has remedied the pleading deficiencies recognized in the December 2024 Opinion, and that this Court has federal diversity subject-matter jurisdiction.

[3] The Court notes that Plaintiff skipped number three when numbering the counts in the Amended Complaint. To avoid confusion, the Court uses its own numbering convention for each count.

[4] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

*UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.    DISCUSSION

Defendant argues that the Amended Complaint should be dismissed as to her for two reasons: (1) Plaintiff fails to state a claim as to Counts Two through Six against Defendant; and (2) the Complaint fails to allege that it is filed within the statute of limitations. (*See generally* Def.'s Moving Br.) The Court addresses these arguments below.

### A.    Statute of Limitations

The New Jersey Legislature passed an amendment to the Child Sexual Abuse Act that extended the statute of limitations for civil tort cases involving sexual abuse of minors. *See* N.J. Stat. Ann. § 2A:14-2a; *W.S. v. Hildreth*, 268 A.3d 1038, 1042 (N.J. Super. Ct. App. Div. 2021), *aff'd*, 287 A.3d 421 (2023). The amendment provides that "regardless of when the cause of action accrued, i.e., when it was reasonably discoverable that the sexual abuse of a child caused injuries, a complaint is timely if filed before the plaintiff reaches fifty-five years of age." *Hildreth*, 268 A.3d at 1043.

In general, "the [Rules] require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002)). The Third Circuit "permit[s] a limitations defense to be raised by a motion under Rule 12(b)(6) 'only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."'" *Id.* (quoting *Robinson*, 313 F.3d at 134-35). But if "the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Id.* (quoting *Robinson*, 313 F.3d at 134-35).

Here, Defendant argues that the Amended Complaint does not plead sufficient information to establish that the Complaint was filed within the statute of limitations. (Def.'s Moving Br. 17-18; Def.'s Reply Br. 10-11.) Specifically, Defendant argues that the Amended Complaint does not allege that Plaintiff's fifty-fifth birthday is after the date that the Amended Complaint was filed or that Plaintiff was otherwise "unaware of her injuries until a time that would require a tolling of the statute of limitations." (Def.'s Moving Br. 18.) Defendant's arguments, however, are misplaced.

It is not apparent on the face of the complaint that the statute of limitations has run. The Amended Complaint alleges that Plaintiff was thirteen years old "in or around 1982," which most likely puts her birthday in 1969. (Am. Compl. ¶ 1.) Fifty-five years after 1969 is 2024, and Plaintiff filed this action on April 10, 2024. (*See* ECF No. 1.) Without knowing Plaintiff's exact birthdate, this Court does not know whether Plaintiff's birthday was before or after she filed this lawsuit in 2024. But "a complaint need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." *Schmidt*, 770 F.3d at 248; *Acrison, Inc. v. Rainone*, No. 22-3274, 2023 WL 8166786, at *2 (3d Cir. Nov. 24, 2023) (explaining that "the burden is on *the defendant*[] to establish that the

complaint shows that [plaintiff's] claims are untimely" (emphasis in original)). Since it is not apparent from the Amended Complaint that the statute of limitations had already run at the time this action was filed, and Plaintiff is otherwise under no obligation to plead information that would defeat a statute of limitations affirmative defense at this stage, the Court hereby rejects Defendant's argument concerning the statute of limitations.

**B.    Vicarious Liability (Count Two)**

Defendant argues that Plaintiff's claim of vicarious liability against Defendant must be dismissed because the Amended Complaint does not allege an employer/employee relationship between Gary Hosbach and Defendant, that Gary Hosbach was acting within the scope of his employment, or that Defendant was negligent, reckless, or otherwise entrusted Gary Hosbach with a non-delegable duty. (Def.'s Moving Br. 9-12.) Plaintiff argues in opposition that Defendant is vicariously liable because "Defendant vested Gary Hosbach with the authority to act on behalf of PAC," Defendant acted as a "managerial agent, executive manager, or the equivalent of a chief executive officer, of Defendant PAC," and Defendant had the "authority to make decisions on behalf of PAC." (Pl.'s Opp'n Br. 7-8.)

To state a vicarious liability claim, a plaintiff must adequately allege: "'(1) that a master-servant relationship existed and (2) that the tortious act of the servant occurred within the scope of that employment.'" *Haviland v. Lourdes Med. Ctr. of Burlington Cnty., Inc.*, 272 A.3d 912, 918 (N.J. 2022) (citing *Carter v. Reynolds*, 815 A.2d 460, 463 (N.J. 2003)). As to the first element, "'[i]t has long been recognized that control by the master over the servant is the essence of the master-servant relationship on which the doctrine of respondeat superior is based.'" *Wright v. State*, 778 A.2d 443, 451 (N.J. 2001) (quoting *N.J. Prop.–Liab. Ins. Guar. Ass'n v. State*, 477 A.2d 826 (N.J. Super. Ct. App. Div. 1984), *cert. denied*, 491 A.2d 691 (1984)). "A servant is a

6

person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control." *Id.* (citation omitted).

Here, Plaintiff alleges that Defendant "acted as a managerial agent, executive manager, or the equivalent of a chief executive officer, of Defendant PAC." (Am. Compl. ¶ 99.) She further alleges that Defendant "was a 'managerial agent' of Defendant PAC, as she was vested with executive, legislative, and judicial authority within PAC" and that Defendant "was so high in [] PAC's organization that her employment and conduct should at all times be considered executive in character." (*Id.* ¶ 113.) While Defendant may have been "high" in PAC's organization, the Amended Complaint does not include any allegations that Defendant exercised any type of control over Plaintiff such that a master-servant relationship existed or that Plaintiff's alleged executive role was in fact a managerial role over Gary Hosbach.[5] *See Michalak v. ServPro Indus., Inc.*, No. 18-1727, 2018 WL 3122327, at *6 (D.N.J. June 26, 2018) (finding that plaintiff failed to allege a claim for vicarious liability where plaintiff did "not demonstrate[] that the relationship between [defendant] and [employer] evince[d] the degree of control that would warrant the imposition of vicarious liability under agency principles"). As such, the Court grants Defendant's Motion to Dismiss Count Two.

### C.    Negligence / Gross Negligence (Count Three)

Under New Jersey law, a negligence claim requires a plaintiff to adequately allege: "(1) a duty of care[;] (2) a breach of that duty[;] (3) proximate cause[;] and (4) actual damages." *Doe v.*

---

[5] Indeed, the Amended Complaint alleges that Defendant was the "head cheerleading coach of [] PAC," while Gary Hosbach was the "program director and wrestling coach of [] PAC." (Am Compl. ¶¶ 2-3.) Even taking every inference in favor of Plaintiff, there is nothing to suggest that the cheerleading coach would exercise any control over the wrestling coach.

*Small*, 654 F. Supp. 3d 376, 395 (D.N.J. 2023) (quoting *Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015)). "Gross negligence has the same elements as ordinary negligence because negligence differs from gross negligence only in degree, not in kind." *Id.* (quoting *Zelnick v. Morristown-Beard Sch.*, 137 A.3d 560, 567 (N.J. Super. Ct. Law Div. 2015)) (citation modified). The New Jersey Supreme Court defines gross negligence as "an indifference to another by failing to exercise even scant care or by thoughtless disregard of the consequences that may follow from an act or omission." *Steinberg v. Sahara Sam's Oasis, LLC*, 142 A.3d 742, 754 (N.J. 2016).

Defendant argues, *inter alia*, that Plaintiff's claim of negligence against Defendant must be dismissed because the Amended Complaint "fails to identify the duty that applied to [Defendant]." (Def.'s Moving Br. 12-14.) Plaintiff argues in opposition that there is a "'heightened duty' to protect children from foreseeable harm in situations where a defendant is tasked with supervision or otherwise ensuring the safety of children in its care" and that as Gary Hosbach's wife, Defendant "would be familiar with his use of the party telephone line and his propensity to sexually abuse minors." (Pl.'s Opp'n Br. 9-10.)

"Whether a duty of care exists is a question of law that must be decided by the court." *Jerkins ex rel. Jerkins v. Anderson*, 922 A.2d 1279, 1284 (N.J. 2007). The "'court must first consider the foreseeability of harm to a potential plaintiff and then analyze whether accepted fairness and policy considerations support the imposition of a duty.'" *Coleman v. Martinez*, 254 A.3d 632, 642 (N.J. 2021) (quoting *Carvalho v. Toll Bros. & Devs.*, 675 A.2d 209 (N.J. 1996)). "Foreseeability as a component of a duty to exercise due care is based on the defendant's knowledge of the risk of injury and is susceptible to objective analysis." *J.S. v. R.T.H.*, 714 A.2d 924, 928 (N.J. 1998) (citing *Weinberg v. Dinger*, 524 A.2d 366 (1987)). A defendant's knowledge of risk may take the form of either "actual awareness" or constructive awareness, which exists

when a defendant is "'in a position' to 'discover the risk of harm.'" *Id.* (quoting *Carvalho*, 675 A.2d at 209). If the risk of harm comes from a third person, "a plaintiff may be required to prove that defendant was in a position to 'know or have reason to know, from past experience, that there [was] a likelihood of conduct on the part of [a] third person[ ]' that was 'likely to endanger the safety' of another." *Id.* (quoting *Clohesy v. Food Circus Supermarkets, Inc.*, 694 A.2d 1017 (N.J. 1997)).

In the context of a husband-wife relationship, the New Jersey Supreme Court has set forth a number of factors for courts to consider when determining whether a wife had constructive awareness, and therefore it was foreseeable, that her husband would sexually abuse a child. *J.S.*, 714 A.2d at 929. Those factors include: (1) "whether the husband had previously committed sexual offenses against children"; (2) "the number, date, and nature of those prior offenses"; (3) the gender and age of prior victims; (4) "where the prior offenses occurred"; (5) "whether the prior offense was against a stranger or a victim known to the husband"; (6) "the husband's therapeutic history and regimen"; (7) the extent to which the wife encouraged or facilitated her husband's unsupervised contact with the current victim"; (8) "the presence of physical evidence such as pornographic materials depicting children and the unexplained appearance of children's apparel in the marital home"; and (9) "the extent to which the victims made inappropriate sexual comments or engaged in age-inappropriate behavior in the husband and wife's presence." *Id.*

Here, notably absent from the Amended Complaint are any of the factors listed above, including allegations that Defendant knew that Gary Hosbach had previously committed child sexual abuse, that Defendant was aware of any evidence of abuse, or that any inappropriate behavior took place in Defendant's presence. Rather, Plaintiff argues that Defendant, as Gary Hosbach's wife, "would be familiar with [Gary Hosbach's] use of the party telephone line and his

propensity to sexually abuse minors." (Pl.'s Opp'n Br. 10.) But the Amended Complaint does not include any allegation that Defendant was familiar with Gary Hosbach's use of the party telephone line or was otherwise aware of his alleged contact with Plaintiff. *Janowski v. City of N. Wildwood*, 259 F. Supp. 3d 113, 120 (D.N.J. 2017) (citing *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). The Amended Complaint only alleges that Defendant "knew or should have known" about the abuse. (Am. Compl. ¶ 60.) But without any supporting factual allegations, this is a bare legal conclusion that the Court must disregard at this stage. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court, therefore, finds that Plaintiff has failed to adequately allege that Defendant owed her a duty of care because the facts in the Amended Complaint do not support that Defendant had actual or constructive knowledge of Gary Hosbach's alleged child sexual abuse or propensity for child sexual abuse. *K.J. v. J.P.D.*, 659 F. Supp. 3d 471, 481 (D.N.J. 2023) (dismissing negligence claim where the facts asserted were insufficient to plausibly show that the party had actual or constructive knowledge that abuser was sexually abusing plaintiff and therefore defendant owed plaintiff no duty of care). As such, the Court grants Defendant's Motion to Dismiss Count Three.

### D.     Negligent Supervision, Training, and Retention (Counts Four & Five)

The Court next analyzes Plaintiff's claims for negligent supervision and training (Count Four) and negligent hiring and retention (Count Five) together, given their parallel elements and legal standards. *See Jones v. Pi Kappa Alpha Int'l Fraternity, Inc.*, 431 F. Supp. 3d 518, 527 (D.N.J. 2019) (citing *Smith v. Harrah's Casino Resort of Atl. City*, No. A-0855-12T2, 2013 WL 6508406, at *3-4 (N.J. Super Ct. App. Div. 2013) (explaining that these claims have "parallel" elements). These common elements are that "the employer knew or had reason to know that the employee

10

exhibited dangerous characteristics, that there was a reasonable foreseeability of harm to others, and that the negligent supervision was the proximate cause of the injuries." *Id.* (quoting *Forrest v. Parry*, 930 F.3d 93, 112 (3d Cir. 2019)).

Here, the Court has already found that the Amended Complaint has failed to allege that Defendant knew or had reason to know of Gary Hosbach's alleged dangerous characteristics or that the harm of child sexual abuse was foreseeable as to Defendant. For the reasons previously stated, therefore, the Court grants Defendant's Motion to Dismiss Counts Four and Five.

**E.** **Intentional and Negligent Infliction of Emotional Distress (Count Six)**

**1.** ***Negligent Infliction of Emotional Distress***

Defendant argues that Plaintiff's claim of negligent infliction of emotional distress ("NIED") should be dismissed because a claim of NIED requires allegations that Plaintiff "witnessed a serious bodily injury or death of a spouse or intimate familial relationship," which the Amended Complaint does not allege. (Def.'s Moving Br. 16.) Plaintiff argues in opposition that she has sufficiently alleged a claim of NIED because such a claim can exist where the emotional damages were proximately caused by Defendant's breach of duty. (Pl.'s Opp'n Br. 13.)

There are two ways that a plaintiff can plead a claim of NIED. *See Jablonowska v. Suther*, 948 A.2d 610, 617-18 (2008). First, a plaintiff may allege that: "(1) the defendant's negligence caused the death of, or serious physical injury to, another; (2) the plaintiff shared a marital or intimate, familial relationship with the injured person; (3) the plaintiff had a sensory and contemporaneous observation of the death or injury at the scene of the accident; and (4) the plaintiff suffered severe emotional distress." *Jablonowska*, 948 A.2d at 617-18 (citing *Portee v. Jaffee*, 417 A.2d 521, 526 (1980)). The elements for the second type of NIED claim are: "(1) a duty of reasonable care was owed by the defendant to the plaintiff[;] (2) that duty was breached[;]

11

(3) the plaintiff suffered severe emotional distress[;] and (4) the breach was a proximate cause of injury." *G.D. v. Kenny*, 984 A.2d 921, 933 (N.J. Super. Ct. App. Div. 2009), *aff'd*, 15 A.3d 300 (2011).

Plaintiff argues that she is alleging the second type of NIED claim. (Pl.'s Opp'n Br. 13.) The Court has already found, however, that Plaintiff has failed to adequately allege a negligence claim against Defendant because Defendant owed no duty to Plaintiff. Plaintiff has therefore similarly failed to adequately allege a claim for NIED. *See Casciano v. City of Paterson*, No. 19-9475, 2023 WL 5035645, at *9 (D.N.J. Aug. 8, 2023) (dismissing NIED claim where the court found, *inter alia*, that defendants owed no duty of care to plaintiff). As such, the Court grants Defendant's Motion to Dismiss Plaintiff's NIED claim against her.

### 2. *Intentional Infliction of Emotional Distress*

Defendant argues that Plaintiff's claim of intentional infliction of emotional distress ("IIED") should be dismissed because the Amended Complaint does not allege outrageous behavior taken by Defendant or how Defendant knew about the purported abuse. (Def.'s Moving Br. 16-17.) Plaintiff argues in opposition that Defendant knew of Gary Hosbach's propensity to commit sexual abuse, and Defendant's failure to protect Plaintiff "went beyond all bounds of decency." (Pl.'s Opp'n Br. 15.)

To state a claim for IIED, a plaintiff must plead facts showing "intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Taylor v. Metzger*, 706 A.2d 685, 694 (N.J. 1998) (quoting *Buckley v. Trenton Sav. Fund Soc'y*, 544 A.2d 857 (N.J. 1988)). A defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Subbe–Hirt v. Baccigalupi*, 94 F.3d 111, 114 (3d Cir. 1996).

Here, there are simply no facts pled that show outrageous conduct on the part of Defendant. As the Court has already found, Plaintiff has failed to plead facts to suggest that the alleged harm that Plaintiff endured was foreseeable to Defendant. Without such foreseeability, Defendant's purported failure to keep Plaintiff safe is simply not outrageous. *See Lockhart v. Willingboro High Sch.*, 170 F. Supp. 3d 722, 739 (D.N.J. 2015) (dismissing IIED claim because defendants did not satisfy the outrageous element where "[t]here [wa]s no allegation that the[] [d]efendants were aware of [the alleged abuser's] intentions or proclivities to commit a sexual assault, nor that the[] [d]efendants in any way promoted th[e] encounter"). There are also no allegations that Defendant herself directly harmed Plaintiff. The Court, therefore, grants Defendant's Motion to Dismiss Plaintiff' IIED claim against Defendant.

**IV.    CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is granted. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

13